**In the United States District Court
For the Central District of Illinois
Springfield Division**

| | |
|---|---|
| NIKA ALLEN, | ) |
| Plaintiff | ) |
| v. | ) Case No. |
| MACOUPIN COUNTY PUBLIC HEALTH DEPARTMENT, | ) |
| Defendants. | ) **Jury Trial Demanded** |

**Complaint**

Now Comes the Plaintiff, NIKA ALLEN ("Allen"), by and through her undersigned counsel, John A. Baker, and in support of her complaint against the Defendant, MACOUPIN COUNTY PUBLIC HEALTH DEPARTMENT (the "Department"), states as follows:

**I. Jurisdiction and Venue**

1. Allen alleges that the Department violated her rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ( the "ADA"). This is a federal statute vesting jurisdiction in this Court under 28 U.S.C. § 1331.

2. Allen, at the times the incidents giving rise to this litigation occurred, was employed by the Department in Macoupin County, Illinois. The Defendant engages in business in Macoupin County, Illinois, making venue appropriate in this Court.

**II. Nature of this lawsuit**

3. Allen maintains this lawsuit against the Department by alleging that her rights under the ADA have been violated. Specifically, she contends that the Department perceived

her as suffering from a disability and discriminated against her on that ground.

### III. Parties

4. Allen is an adult resident of the State of Illinois. She was previously employed by the Department in a clerical position.

5. The Department is a governmental entity of and is operated by the County of Macoupin in Central Illinois.

6. The Department is an "employer" as that term is defined by the ADA.

7. Allen began working for the Department on approximately March 19, 2017.

### IV. Complaint

8. The ADA provides that it is unlawful to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C.A. § 12112

9. The ADA defines "qualified individual" to include a person who is perceived as suffering from a disability. 42 U.S.C.A. § 12102.

10. In early March of 2018 Allen was hospitalized for a short period of time. After being released from the hospital she took time off from work until she returned on March 12, 2018.

11. Upon her return to work the Department erroneously concluded that she was not capable of performing her job duties because of a disabling condition. In this sense the Department perceived that Allen was suffering from a disability. 42 U.S.C. § 12102 (1)(C).

12. On March 12, 2018, the Department disciplined Allen for no justifiable reason. The reason that the Department did so was because they perceived that Allen was disabled.

13. On March 13, 2018, the Department again disciplined Allen for no legitimate reason. The reason that the Department did so was because they perceived that Allen was disabled.

14. Employees of the Department improperly accessed Allen's confidential medical records on or about March 12, 2018, and March 13, 2018.

15. After reviewing the documentation the Department fabricated documentation suggesting that Allen was seeking to be placed on a leave of absence. Allen did not seek, did not want, nor did she need a leave of absence.

16. Allen was placed on a leave of absence without pay and against her own wishes.

17. As a result, she lost wages and sustained other damages.

18. Allen's employment with the Department ended in June of 2018. Allen's employment would not have ended had the Department not violated her rights as described above.

19. As a result of the Department's actions, Allen has sustained both economic and non-economic injuries.

20. The Department discriminated against Allen because it erroneously perceived that she suffered from a disability.

21. Allen timely filed a charge of discrimination with the Equal Employment Opportunity Commission and that charge was assigned case number 440-2018-07046.

22. Allen received a notice of right to sue from the EEOC on March 19, 2020, and is initiating this lawsuit in a timely fashion.

Wherefore, Allen respectfully requests that this Court enter an order finding and providing as follows:

A. An order directing the Department to compensate her for her lost wages and other economic damages resulting from its actions.

B. An award of non-economic damages.

C. An award of pre-judgment interest.

D. An award of attorney fees associated with bringing this claim.

E. Any other order that is just and appropriate.

**Allen requests a jury trial**

Nika Allen

By: /s/ **John A. Baker**
Her Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:        (217) 522-3445
Facsimile:         (217) 522-8234
Email:              jab@bbklegal.com